J. S45016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANAEL LEE SCHOEN, | : | |
| | : | |
| Appellant | : | No. 1440 WDA 2015 |

Appeal from the PCRA Order August 14, 2015
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000036-2013


BEFORE: OLSON, J., DUBOW, J., AND PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                            **FILED JULY 7, 2016**

Appellant, Nathanael Lee Schoen, appeals from the August 14, 2015 Order entered in the Potter County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On July 10, 2013, Appellant entered a negotiated guilty plea to one count of Possession of a Controlled Substance With Intent to Deliver ("PWID").[1] On August 14, 2013, the trial court imposed the negotiated sentence of 3 to 6 years' incarceration in accordance with the mandatory minimum sentencing provision at 18 Pa.C.S. § 7508. Appellant did not file a

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

direct appeal. His Judgment of Sentence, therefore, became final on September 13, 2013. *See* 42 Pa.C.S. § 9545(b)(3).

Appellant filed his first PCRA Petition on February 17, 2015. The PCRA court dismissed Appellant's first PCRA Petition on April 22, 2015. Appellant did not file an appeal.

Appellant filed the instant *pro se* PCRA Petition, his second, on July 16, 2015. Appellant avers that his sentence is illegal under ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On July 17, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition based on lack of jurisdiction. Appellant filed a *pro se* Objection on July 31, 2015.

On August 14, 2015, the PCRA court dismissed Appellant's Petition without a hearing, concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant failed to plead and prove a timeliness exception. PCRA Court Opinion, 7/17/15, at 1-3. Appellant filed a Notice of Appeal on September 3, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

> I. Did the Post Conviction Relief Act, (P.C.R.A.), Court err in dismissing the instant Post Conviction Relief Act Petition as untimely when the instant petition was filed within sixty (60) days of learning of the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), thereby rendering his sentence unconstitutional and illegal?

II. Did the Post Conviction Relief Act Court err in dismissing the instant Post Conviction Relief Act Petition by stating the Court lacks jurisdiction to consider the merits when the Post Conviction Relief Act Court always retains jurisdiction to correct an illegal sentence and the inherent power to do so?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (same).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Albrecht**, **supra** at 1093.

Here, Appellant's Judgment of Sentence became final on September 13, 2013, upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court. **See** 42 Pa.C.S. § 9545(b)(3). In order to be timely, Appellant needed to submit his PCRA Petition by September 15, 2014.[2] **Id**. Appellant filed this PCRA Petition on July 16, 2015, well after the one-year deadline. The PCRA court properly concluded that Appellant's second PCRA Petition is facially untimely. PCRA Court Opinion, 7/17/15, at 1-2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

---

[2] September 13, 2014, was a Saturday. **See** 1 Pa.C.S. § 1908.

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii) in his challenge to the legality of his sentence. Appellant avers that he filed his PCRA Petition within 60 days of learning about *Alleyne*, *supra*, which he argues is a "newly discovered fact" under Section 9545(b)(1)(ii). Appellant's Brief at 8.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a challenge to the legality of sentence must be raised in a timely filed PCRA Petition. *See* 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the

PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Appellant must present an illegal sentencing claim in a timely PCRA Petition over which we have jurisdiction. *See Fahy, supra* at 223; *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (*en banc*) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

"Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by [S]ection 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Here, Appellant simply attempts to circumvent the requirements of the PCRA statute under Section 9545(b)(1)(iii) by characterizing *Alleyne* as a "newly discovered fact" under Section 9545(b)(1)(ii). Accordingly, Appellant's claim must fail.

Even if we analyzed Appellant's claim under the untimeliness exception at 42 Pa.C.S. § 9545(b)(1)(iii), his claim would also fail. The United States Supreme Court decided *Alleyne* on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed the instant PCRA Petition on July 16, 2015, which

was well after 60 days from the date of the *Alleyne* decision. Accordingly, the PCRA court properly concluded that Appellant failed to meet this untimeliness exception.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2016